UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>BRIAN RAYMOND SCHECKLA,<br><br>Movant. | No. 2:19-cr-0189-DC-SCR-1<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding without counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 87. Currently pending before the court is respondent's application to compel movant's prior defense counsel to provide information to respondent concerning the allegations of ineffective assistance of counsel. ECF No. 94. Movant has not filed an opposition, and the deadline for responding to the motion has passed. For the reasons outlined below, the court grant's respondent's motion and resets the deadlines for the parties' briefs on the issues raised in movant's § 2255 motion.

Movant raises four claims for relief in his pending § 2255 motion. In ground one, movant asserts that counsel was ineffective because he did not object to the Rule 11 violation at the change of plea hearing in May 2022. ECF No. 87 at 4. Ground two alleges that the court violated Rule 11 because it did not inform movant "in open court of the nature and elements of the crime" and did not determine whether movant understood the plea proceedings as a whole. ECF No. 87

1

at 5. In ground three, movant contends that his right to a speedy trial was violated based on the time exclusions filed by his attorney during the course of a four year period. Id. at 7. Lastly, movant asserts that the indictment in his case violated Rule 12 of the Rules of Criminal Procedure because it was missing the necessary *mens rea*. Id. at 8.

Movant has put his attorney-client communications at issue in this case by alleging that his attorney provided him with ineffective assistance of counsel in violation of the Sixth Amendment. The undersigned finds that movant has impliedly waived his attorney-client privilege with respect to the allegations raised in grounds one and three of his § 2255 motion. See Bittaker v. Woodford, 331 F.3d 715, 721-24 (9th Cir. 2003) (en banc). Although respondent indicates that all four claims allege ineffective assistance of counsel, the court's review indicates that only grounds one and three specifically allege that movant's prior attorney was ineffective.

To the extent that respondent seeks an order compelling movant's prior attorney to provide a response to the ineffective assistance of counsel allegations in the § 2255 motion, the court construes such a request as a motion to expand the record pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings. So construed, the motion is granted. The court hereby directs movant's prior counsel, David W. Dratman, to respond to the allegations in grounds one and three of the § 2255 motion by submitting a sworn affidavit along with any responsive letters, documents and exhibits. See Rule 7(b)-(c) of the Rules Governing Section 2255 Proceedings. In the event that a deposition or further discovery is needed, respondent may file a motion for leave of court to conduct discovery relevant to grounds one and three of the § 2255 motion. See Rule 6 of the Rules Governing Section 2255 Proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's unopposed motion for an order waiving movant's attorney-client privilege (ECF No. 94) is granted subject to the protective order contained herein.

2. The court hereby finds that movant has impliedly waived his attorney-client privilege as to his prior counsel, David W. Dratman, limited to the allegations raised in grounds one and three of his § 2255 motion. This waiver encompasses any persons employed by or working with counsel as part of the defense team. Mr. Dratman is hereby directed to disclose freely to the

parties any relevant information responsive to the ineffective assistance of counsel claims raised in grounds one and three movant's § 2255 motion including the production of emails, notes, records, or other documents.

3. Respondent is prohibited from using the responsive information for any purpose other than litigating the instant § 2255 motion. Respondent shall treat the information and documents received as confidential and shall not disseminate them or disclose their contents to any other persons or offices, including law enforcement or prosecutorial agencies.

4. Respondent's request for an extension of time to file its response to movant's § 2255 motion is granted for good cause shown.

5. Respondent's response to movant's § 2255 motion is now due on **May 30, 2025**. Movant's reply, if any, is now due on **June 30, 2025**.

6. Movant's § 2255 motion will be deemed submitted on the papers at the expiration of the deadlines set herein. See Local Rule 230(l).

7. The Clerk of Court is directed to serve a courtesy copy of this order on movant's prior counsel, David W. Dratman.

DATED: February 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3