UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-0189-DC-SCR-1 |
| Respondent, | |
| v. | ORDER |
| BRIAN RAYMOND SCHECKLA, | |
| Movant. | |

On March 5, 2025, movant's former counsel, David W. Dratman, sought reconsideration of the court's order of February 19, 2025, finding that movant had impliedly waived his attorney-client privilege with respect to the ineffective assistance of counsel claims in his § 2255 motion. ECF No. 98. That order subjects information disclosed by movant's former counsel to a protective order that prevents the information from being disseminated to, or used by, any law enforcement or prosecutorial agencies. ECF No. 98 at 3. Notwithstanding this protective order, movant's former counsel argues that he was entitled to advance notice of respondent's motion for a waiver of the attorney-client privilege and an opportunity to be heard before the court ordered him to disclose any information to respondent. ECF No. 100. The reconsideration motion also requests the establishment of a dispute resolution mechanism to resolve disagreements about the scope of the attorney client waiver in this case. ECF No. 105 at 4.

////

1

Pursuant to E.D. Local Rule 430.1(l), a motion for reconsideration must establish "new or different facts or circumstances" or other grounds that warrant modifying the prior order. The motion for reconsideration is denied to the extent that it challenges the court's finding that movant waived the attorney-client privilege by raising ineffective assistance of counsel claims. There are no new facts or legal authority presented in the motion for reconsideration which the court was not aware of at the time that it entered its February 19, 2025, order. The parties agree, and the court followed, the Ninth Circuit's decision in <u>Bittaker v. Woodford</u>, 331 F.3d 715, 720 (9th Cir. 2003), narrowly tailoring its finding that the attorney-client privilege had been waived only with respect to claims one and three in the § 2255 motion. Movant's former counsel does not argue otherwise in the motion to reconsider. For these reasons, the motion to reconsider is denied, in part.

To the extent that the reconsideration motion requests a dispute resolution mechanism, the court grants the motion and directs the parties to utilize the undersigned's Informal Discovery Resolution procedure outlined in Section II(B) of the court's Civil Standing Orders. <u>See</u> United States Magistrate Judge Sean C. Riordan Case Management Procedures (Aug. 14, 2024), https://tinyurl.com/2tbdep6m.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for reconsideration (ECF No. 100) is granted, in part, and denied in part as explained herein.

2. The briefing schedule previously set is sua sponte modified as follows: Respondent's opposition to the § 2255 motion is due on or before July 14, 2025; and, movant's reply is due on or before August 14, 2025.

DATED: March 25, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2